IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :
:
v. : Criminal No. DKC 15-0427-2
:
COLBERT JUAN JONES, JR. :
:

**MEMORANDUM OPINION AND ORDER**

By a judgment entered May 2, 2016, Petitioner Colbert Juan Jones, Jr. was convicted, upon his guilty plea, of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine (count 1) and felon in possession of a firearm (count 2). Consistent with the terms of his Fed. R. Civ. P. 11(c)(1)(C) plea agreement, he was sentenced to concurrent terms of one hundred and twenty (120) months incarceration followed by four years of supervised release. (ECF No. 162). Mr. Jones noted an appeal on May 16, 2016. (ECF No. 127 at 5; ECF No. 164). The United States Court of Appeals for the Fourth Circuit affirmed this court's judgment on April 27, 2017 (ECF No. 212) and issued a mandate on May 19, 2017 (ECF No. 213).

Mr. Jones filed the instant motion on May 20, 2019, pursuant to "Rule 3582(c)"[1] requesting a reduction of his sentence so that he realizes the sentence reduction benefit of the Residential Drug

---

[1] *See* 18 U.S.C. § 3582.

Abuse Program ("RDAP" or "the program"). (ECF No. 224). For qualifying participants who complete RDAP, their sentence "may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). Although a prisoner may still participate in the program, he does not qualify for the sentencing benefit if, among other restrictions, his offense of conviction "involved the carrying, possession, or use of a firearm." 28 C.F.R. § 550.55(b)(5)(ii). Mr. Jones, who may be in the process of completing RDAP (see ECF No. 224 at 5 (". . . pending the Petitioner's graduation from the BOP's RDAP program."), appears to recognize that he does not qualify for RDAP's sentencing benefit because of his firearm conviction, but nonetheless requests that the court grant him an equivalent reduction to his sentence based on reductions in his Sentencing Guidelines calculation to which he believes he is entitled.

Pursuant to 18 U.S.C. § 3582(c),[2] a "court may not modify a term of imprisonment once it has been imposed" unless (1) a motion is filed by the Director of the Bureau of Prisons on certain grounds; (2) the "sentencing range" for the crime of conviction

---

[2] Petitioner cites to *United States v. Clay*, 627 F.3d 959 (4th Cir. 2010) in support of his argument. However, Clay is inapplicable here, among other reasons, because it was a challenge on direct appeal rather brought pursuant to under the very limited circumstances permitted by § 3582.

2

"has subsequently been lowered"; or (3) modification is permitted "by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" As the Director of the Bureau of Prisons has not petitioned the court for modification and the sentencing range applicable to Defendant's crime of conviction has not been subsequently lowered, the only provision that could potentially apply is Rule 35. That rule permits a defendant to petition the court, within fourteen days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). Here, Petitioner does not allege any error in his sentence. The other grounds for relief under Rule 35 apply only where the government petitions the court for a sentence reduction, which has not occurred here. Thus, Petitioner is ineligible for relief under 18 U.S.C. §3582(c).[3]

In sum, this court is without authority to grant the relief requested by Defendant.

---

[3] In any event, Mr. Jones' arguments are without merit. Under the terms of his Rule 11(c)(1)(C) agreement, he specifically agreed to a sentence of 120 months' imprisonment. (ECF No. 127 at 5). Moreover, even if Mr. Jones had not agreed to the specific term of imprisonment, he also agreed that his base offense level for the firearm offense was driven by Sentencing Guidelines § 2K2.1(a)(2); the reduction to offense level six that Mr. Jones seeks under § 2K2.1(b)(2) for possessing the firearm for sporting purposes is expressly inapplicable where the base offense level is determined under § 2K2.1(a)(2) See U.S.S.G. § 2K2.1(b)(2)("If the defendant, *other than a defendant subject to subsection* (a)(1), *(a)(2),* (a)(3), (a)(4), or (a)(5), possessed all ammunition and firearms solely for lawful sporting purposes or collection…(emphasis added)).

Accordingly, it is this 30th day of May, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Petitioner's motion for a reduction of sentence pursuant to Rule 3582(c) (ECF No. 224) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to Petitioner and counsel for the government.

                                                        /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge